Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Attorney for Plaintiff and Putative Class

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIRYAM ABITBOL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>CURRENT ENERGY LLC<br><br>AND<br><br>KEVIN ADAMS<br><br>*Defendants.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Miryam Abitbol (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by Current Energy LLC to market its solar energy services through telemarketing calls by contacting numbers on the National Do Not Call Registry, in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. The recipients of Current Energy's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by Current Energy makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

3. Plaintiff Miryam Abitbol is an individual located in Los Angeles, California.

4. Defendant Current Energy LLC is a California limited liability company located in California that made telemarketing calls from this District.

5. Kevin Adams is an individual residing in this District.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has general jurisdiction over Defendants because they are either residents of or have their principal places of business in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the telephone calls at issue were sent from and into this District.

## TCPA BACKGROUND

The National Do Not Call Registry

9. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

11. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

## FACTUAL ALLEGATIONS

12. Defendants are "persons" as the term is defined by 47 U.S.C. § 153(39).

13. Plaintiff's telephone number, 310-XXX-XXXX, is used for residential purposes and is used for personal purposes.

14. That number is not associated with a business.

15. The number has been registered on the National Do Not Call Registry continuously since June 1, 2011.

16. Despite this, the Plaintiff received two telemarketing calls placed from Current Energy using the false alias "Energy Efficient" on August 6, 2024 from the Caller IDs 424-309-8955 and 575-243-8657 to solicit her for solar panels and services.

17. The Plaintiff stated that she was not interested and not to call on the first of these two calls.

18. During the second of these two calls, to uncover the identity of the caller continuing to call her illegally, she played along with the sales pitch.

19. During the second call, she was transferred to Defendant Kevin Adams who confirmed that they were in fact calling from Defendant Current Energy.

20. To confirm this fact, the representative and Defendant Kevin Adams, further called the Plaintiff from his other telephone numbers 415-324-6627 and 765-409-3132 sent the Plaintiff a copy of his contractor license number and also stated that he did installations for the Van Nuys airport:







21. Prior to filing this litigation, counsel for Plaintiff emailed Pat Delchop, the owner of Defendant Current Energy.

22. Delchop responded that Defendant Adams was a purportedly "independent residential solar salesman" who had "brought residential solar projects to our company for installation." The following sentence, however,

Delchop contradicted himself, stating that they had no knowledge of Adams using their name or website to generate sales.

23. In addition to the company for which Adams works being liable for the TCPA violations alleged herein, Defendant Adams is also personally liable for the foregoing calls and texts based on well-established TCPA case law.

24. Defendant Adams may be personally liable for the acts alleged in this Complaint pursuant to 47 U.S.C. § 217 of the TCPA, which reads, *inter alia*: "[T]he act, omission, or failure of any officer, agent, or other person acting for or employed by any common carrier or user, acting within the scope of his employment, shall in every case be also deemed to be the act, omission, or failure of such carrier or user *as well as of that person*." 47 U.S.C. § 217 (emphasis added).

25. Based on the foregoing facts, it is evident that Defendant Adams personally directed or made some of the calls at issue on Current Energy's behalf.

26. Defendant Adams personally paid for at least some of the telephone services connected to the TCPA violative conduct at issue.

27. The foregoing facts demonstrate that Adams had direct, personal knowledge of and participation in the conduct and course of conduct complained of which violated the TCPA.

28. The calls were not necessitated by an emergency.

29. The Plaintiff never requested the calls or provided her consent to receive them.

30. In fact, as described above, the Plaintiff explicitly requested the calls to stop.

31. The Plaintiff never did business with Defendants Current Energy, its false alias "Energy Efficient," or with Defendant Adams.

32. The calls were nonconsensual encounters.

33. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power, network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

34. Plaintiff bring this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of

Defendants (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

35. Defendants and their employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

36. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendants.

**Numerosity**

37. Members of the Class are so numerous that their individual joinder is impracticable.

38. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

39. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

40. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants.

**Commonality**

41. Common questions of law and fact exist as to all Class Members and

predominate over questions affecting only individual Class Members.

42. Common legal and factual questions include, but are not limited to, whether Defendants have violated the Telephone Consumer Protection Act and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

**Typicality**

43. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendants without giving them her consent to receive such calls.

**Adequacy of Representation**

44. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

45. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

**Superiority**

46. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

47. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendants' liability.

48. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

49. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

50. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.

51. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

52. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 43 as if fully set forth herein.

53. The foregoing acts and omissions of Defendants and/or their affiliates,

agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

54. The Defendants' violations were negligent, willful, or knowing.

55. As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

56. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendants from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all class

members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff request a jury trial as to all claims of the complaint so triable.

Dated: September 20, 2024 PLAINTIFF, individually and on behalf of all others similarly situated,

By: */s/ Dana J. Oliver*

Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

*Attorney for Plaintiff and the Proposed Class*