MICHAEL A. DiNARDO (#216991)
(mdinardo@yklaw.us)
YK LAW, LLP
445 S. FIGUEROA ST, SUITE 2280
LOS ANGELES, CA, 90071
Office: 213-401-0970 x1008

JOHN D FITZPATRICK (PHV pending)
(jfitzpatrick@cunninghamdalman.com)
CUNNINGHAM DALMAN, P.C.
321 SETTLERS ROAD
HOLLAND, MI 49422-1767
Office: 616-392-1821

Attorneys for Defendants CURRENT
ENERGY LLC and KEVIN ADAMS

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRYAM ABITBOL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CURRENT ENERGY LLC AND KEVIN ADAMS<br><br>Defendants. | Case No. 2:24-cv-08132-FLA-BFM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FED. R. CIV. P 12(b)(6)**<br><br>**<u>Hearing</u>**<br>**Date: January 31, 2025**<br>**Time: 1:30 PM**<br>**Courtroom: 6B**<br>**Hon Fernando L. Aenlle-Rocha**<br><br>**Complaint Served: Sept 26, 2024**<br>**Trial Date: None Set** |

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................. 1

RELEVANT ALLEGATIONS ................................................ 2

   The First Call ................................................................. 2

   The Second Call............................................................. 3

   Plaintiff's Post-Call Contact with CE Does Not Adduce Admissions
      that CE Placed the Calls ............................................ 4

LEGAL STANDARDS ........................................................ 4

RULE 12(B)(6) PLEADING STANDARDS.......................... 4

ARGUMENT..................................................................... 5

I.     THE COURT SHOULD DISMISS THE CLAIM PURSUANT
        TO FED. R. CIV. P. 12(B)(6) AS THE COMPLAINT IS A
        COLLECTION OF CONCLUSORY, INCONSISTENT
        ALLEGATIONS ...................................................... 5

     A.    The Claim for Violation of the TCPA Is Skeletal
         and Conclusory................................................... 6

    1.  Plaintiff Articulates a Self-Defeating Set of Facts With
       Respect to CE Violating the Do-Not-Call Registry Rules ... 6

    2.  Plaintiff Does Not Allege Facts to Support a Claim of
       Direct Liability ..................................................... 7

    3.  Plaintiff Has Not Alleged Facts Sufficient to Support a
       Claim of Vicarious Liability ............................... 10

    i.  Plaintiff Has Not Alleged Facts to Support an Agency
       Relationship Based on Actual Authority ............. 12

ii.    Plaintiff Has Not Alleged Facts to Support an Agency Relationship Based on Apparent Authority ................... 14

iii.    Plaintiff Has Not Alleged Facts to Support an Agency Relationship Based on Ratification ............................... 15

CONCLUSION .......................................................... 16

# TABLE OF AUTHORITIES

## Supreme Court

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ..............................................4-5

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ..............................4


## Other Federal Courts and Tribunals

Barnes v Sunpower Corp, ___F Supp 3d___; 2023 U.S. Dist.
LEXIS 51033 (ND Cal, Mar. 16, 2023)..............................11-12

In re Dish Network, LLC, 28 F.C.C. Rcd. 657 (2013)........................8

Ewing v Encor Solar, LLC, ___F Supp 3d___; 2019 U.S. Dist.
LEXIS 10270 (SD Cal, Jan. 22, 2019)..........................6,9,11-12

Gallagher v. California Pacific Title & Trust Co., 13 Cal. App.
2d 482 (1936) ............................................................... 16

Golan v. FreeEats.com, Inc., 930 F.3d 950 (2019) ..............................8

Gomez v. Campbell-Ewald, Co., 768 F.3d 871 (9th Cir. 2014) ..... 6,10

Henderson v. United Student Aid Funds, Inc., 918 F.3d 1068
(2019) ................................................................... 10

Herrejon v. Ocwen Loan Servicing, LLC, 980 F. Supp. 2d 1186
(E.D. Cal. Nov. 1, 2013) ............................................... 9

Jones v. Royal Admin. Svcs., Inc., 887 F.3d 443 (9th Cir. 2018)...... 11

Los Angeles Lakers, Inc. v. Fed. Ins. Co., 869 F.3d 795
(9th Cir. 2017) ......................................................... 6

Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036
(9th Cir. 2012) ......................................................... 6

New Prime Inc. v. Oliveira, 139 S. Ct. 532 (2019) ..............................7

NLRB v. District Council of Iron Workers of the State of
California and Vicinity, 124 F.3d 1094 (1997)...................... 13

Panacci v. A1 Solar Power, Inc., No. 15-cv-00532-JCS, 2015
         WL 3750112 (N.D. Cal. June 15, 2015) .................................. 12

Warciak v. Subway Rests., Inc., 949 F.3d 354 (2020)...................... 14

**Federal Statutes**

         47 USCS § 227 ("Telephone Consumer Protection Act") .......... passim

**Federal Regulations**

         16 C.F.R. § 310.4(b)(1)(iii)(B)(2)......................................................... 6

**Federal Rules**

         Federal Rule of Civil Procedure 8(a)(2)................................................ 9

         Federal Rule of Civil Procedure 12(b)(6)...................................... 1,2,5

**Treatises**

         Restatement (Third) of Agency § 1.01 (2006) ............................. 11,13

         Restatement (Third) of Agency § 1.02 cmt. d (2006) ....................... 11

         Restatement (Third) Of Agency § 2.01 (2006) ............................. 12-13

         Restatement (Third) of Agency § 2.03 cmt. c (2006) ....................... 14

         Restatement (Third) Of Agency § 3.01 (2006) ................................. 12

         Restatement (Third) of Agency § 4.01 (2006) ................................. 15

         Restatement (Third) of Agency § 4.01 cmt. b (2006) .................. 15-16

         Restatement (Third) of Agency§ 4.01 cmt. d (2006) ........................ 15

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Current Energy LLC ("CE") and Kevin Adams ("Adams") (CE and Adams referred to collectively as "Defendants") hereby respectfully move to dismiss the Complaint that Plaintiff Miryam Abitbol ("Plaintiff") filed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a plausible claim for relief under the Telephone Consumer Protection Act, 47 USCS § 227 ("TCPA").

## <u>INTRODUCTION</u>

CE never called Plaintiff and there is no plausible basis for inferring that it did. Plaintiff cannot fabricate a claim against CE merely by describing a caller ID that flags a different entity, Energy Efficient, as a "false alias" for CE. There are no factual grounds for inferring that a relationship exists between Energy Efficient and CE, and Plaintiff does not credibly assert otherwise.

The claim that CE is liable for the allegedly unlawful call another company made before transferring the call to CE's alleged "agent," Mr. Adams, also does not pass muster. Although Plaintiff describes how some third-party caller transferred her to Adams, there are no allegations whatsoever that connect the unknown transferor caller(s) to CE. Instead, Plaintiff ascribes statements to Mr. Adams explaining that he was "calling from" CE but alleges nothing about Adams flagging CE as the maker of the calls. In fact, Plaintiff admits that a CE

representative, Pat Delchop, confirmed that Adams was an independent contractor and Delchop further indicated he had no knowledge of Adams using CE's name or website in order to generate sales. **Consequently, Plaintiff fails to state a plausible claim for relief, and it is respectfully submitted that the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).**

## RELEVANT ALLEGATIONS

Plaintiff alleges she received two "telemarketing" calls placed to her California-based telephone number, 310-XXX-XXXX on August 6, 2024. (*see* ECF #1, the Complaint ("Compl.") ¶16.) To Defendants' understanding, those two calls comprise the entirety of "telemarketing" calls about which Plaintiff is complaining. Plaintiff claims a telemarketing service placed these calls from two separate phone numbers with Caller IDs 424-309-8955 and 575-243-8657. (Compl. ¶16.)

### The First Call

During the first call, Plaintiff alleges the caller ID that she observed was "Energy Efficient" but, inexplicably, alleges that CE placed the call (*Id*.) Plaintiff asserts without explanation that the caller ID identifying the caller as Energy Efficient was a "false alias." (*Id*. at ¶16, 31.) **Plaintiff does not allege what, if any, factual basis there is for believing that CE placed the initial call,** *i.e.* she provides

no description of the matters communicated during the initial call other than her admonition that she was not interested and did not want to be called. (*Id.* at ¶ 16.)

### **The Second Call**

Following the first call from Energy Efficient, a second call allegedly emanated from a different number and Plaintiff chose to "play along" in an attempt to "identify" the caller leading the campaign (the same caller already having been identified as Energy Efficient.) (*Id*. at ¶ 18.) During the second call in which Plaintiff was playing along, she alleges the caller *transferred her* to Adams who stated he was "in fact calling from Defendant Current Energy." (*Id.* at ¶19.) Plaintiff further alleges that Adams subsequently called Plaintiff from "his other" telephone numbers, XXX-XXX-6627 and XXX-XXX-3132. (*Id.* at ¶20.)  Plaintiff alleges that after these calls, Adams and Plaintiff communicated via text message exchange sent by phone numbers XXX-XXX-6627 and XXX-XXX-3132. (*Id.*) In the text exchange via phone number XXX-XXX-6627, Plaintiff inquired about Adams' company website and the recipient of the text replied with a link to CE's website stating, "we have done installations for the Van Nuys airport so you can rest assured that your home will be in good hands." (*Id.*) In a subsequent text exchange, Plaintiff alleges Adams shared his Home Improvement Salesperson license that does not show any affiliation with CE. (*Id.*) Tellingly, none of the

communications address the identity of the caller or "confirm" anything Adams allegedly told the Plaintiff about the source of the calls.

### **Plaintiff's Post-Call Contact with CE Does Not Adduce Admissions that CE Placed the Calls**

After Plaintiff's text exchanges and prior to this litigation, Plaintiff's counsel contacted CE's owner, Pat Delchop ("Delchop"), to probe Adams' alleged connection to CE. (Compl. ¶21.) Delchop responded that Adams was an independent salesperson, not employed by CE. (Compl. ¶22.) Delchop further indicated he had no knowledge of Adams using CE's name or website in order to generate sales. (Compl. ¶22.) Plaintiff does not allege that either Adams or CE is a telemarketer and, in fact, they are not telemarketers. Plaintiff did not purchase any products from Adams or CE. (Compl. ¶31.)

## **LEGAL STANDARDS**

## **RULE 12(B)(6) PLEADING STANDARDS**

To avoid dismissal, Plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings must contain enough detail to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Because the plausibility standard is not akin to a

'probability requirement', it requires more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. *Id*.

Further, while this Court must generally accept well-pleaded facts as true under Rule 12(b)(6), it need not do so for conclusory allegations lacking specific facts, legal conclusions, unwarranted or unreasonable inferences, or unsupported speculation. *Id.* at 678-79. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## ARGUMENT

### I. THE COURT SHOULD DISMISS THE CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6) AS THE COMPLAINT IS A COLLECTION OF CONCLUSORY, INCONSISTENT ALLEGATIONS

Plaintiff fails to state a claim for violation of 47 U.S.C. §227(c)(5) because the Complaint does not satisfy the standards for pleading direct or vicarious liability. Plaintiff alleges no facts establishing that CE either: (i) made a call to her; or (ii) established a relationship with the initial or subsequent party (or parties) who placed the calls to her. Any factual context that might show the requisite degree of control required for vicarious liability to attach is wholly absent.

## A.  **The Claim for Violation of the TCPA Is Skeletal and Conclusory**

To successfully plead a TCPA claim, a plaintiff must allege defendant (1) called a cellular telephone number . . . or any service for which the called party is charged for the call; (2) using an ATDS or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1); *see Ewing v Encor Solar, LLC*, ___F Supp 3d___; 2019 U.S. Dist. LEXIS 10270, at *14 (SD Cal, Jan. 22, 2019); *citing Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 804 (9th Cir. 2017) (quoting *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012). To "make" a call under the TCPA the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call. *Gomez v. Campbell-Ewald, Co.*, 768 F.3d 871, 877-79 (9th Cir. 2014) (addressing the circumstances that must be present for liability to attach under the TCPA). Thus, to survive dismissal, Plaintiff must plausibly allege one of two potential theories of liability against CE and Adams under the TCPA: (1) direct liability; or (2) vicarious liability. Plaintiff fails to allege facts sufficient to support either theory of liability against either Defendant.

### 1.  **Plaintiff Articulates a Self-Defeating Set of Facts With Respect to CE Violating the Do-Not-Call Registry Rules**

Calls following up on a requested or initiated transaction or inquiry do not run afoul of National Do-Not-Call Registry ("DNC") rules. See 16 C.F.R. § 310.4(b)(1)(iii)(B)(2). Moreover, the DNC rules in the TCPA do not apply until a

claimant receives more than one marketing call in a 12-month period. See 47 U.S.C. § 227(c)(5). The only call that Plaintiff allegedly connects to CE is the "second" call transferred to Adams in which Adams allegedly expressed that he was "calling from" CE but said nothing about the source of the call. In any event, there are no facts connecting Plaintiff's alleged call with Adams to the other "first" alleged telemarketing call, that is the initial August 6, 2024 call from "Energy Efficient." (Compl. ¶ 16.) Viewed in a light most favorable to Plaintiff, she received a single phone call from Adams, potentially an employee or agent who sought to schedule a consultation with Plaintiff that Plaintiff initiated by "playing along." Under this pattern of factual allegations, there is no basis for fixing liability against CE for running afoul of the DNC regulations. Accordingly, Plaintiff has failed to adequately plead a TCPA claim against CE.

### 2. Plaintiff Does Not Allege Facts to Support a Claim of Direct Liability

The scope of direct liability is determined by the statutory text and, here, it does not support a claim against either CE or Adams. *See New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 543 (2019). The TCPA makes it "unlawful for any person . . . to initiate any telephone call" that violates its relevant prohibitions. 47 USCS § 227(b)(1)(B). Under the TCPA, it is unlawful "to make any call (other than . . . with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number

assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). To be held directly liable, the defendant must "initiate" the call. Neither the TCPA nor the FCC rules define the term "initiate." *See In re Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6583 (2013). However, the FCC submits that "a person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call." *Id*. This "generally does not include persons or entities, such as third-party [entities on whose behalf the call is made], that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *Id*. Generally, direct liability does not extend to sellers who did not physically initiate the calls, but only includes the telemarketers acting on behalf of those sellers. *See Golan v. FreeEats.com, Inc.,* 930 F.3d 950, 960 (2019).

Direct liability for making a call that violates the TPCA arises in clearly defined circumstances. A person or entity must have initiated the call, meaning they undertook whatever steps may be necessary to actually place the call. Plaintiff states that she received two telemarketing calls and identifies the Caller IDs as 424-309-8955 and 575-243-8657. Plaintiff does not allege that CE or Adams control those caller IDs or offer any reason to believe that CE itself placed the calls. Rather, Plaintiff makes two key admissions in the Complaint: (1) the caller ID she observed during the first call identified *Energy Efficient* as the caller, not CE; and (2) during the second call, whoever may have placed the call *transferred*

her to Adams, clearly indicating that Adams did not initiate the call. With respect to both calls, there is absolutely no description of a calling agent notifying Plaintiff that CE or, for that matter, Adams was placing the call.[1]

In sum, Plaintiff does not allege facts sufficient to support the theory that either of the Defendants made the telemarketing calls at issue. On the contrary, the sparse facts Plaintiff summarizes indicate the opposite: the caller identification listed "Energy Efficient" on the "first" of the two calls and the caller transferred the call to Adams during the "second" call. (*See* Compl., ¶¶ 16, 19.) To the extent Plaintiff attempts to glean a claim that Adams is directly liable for placing the calls, the Complaint does not appropriately distinguish between the Defendants in that regard. It is Plaintiff's obligation to differentiate allegations against each defendant and it is inappropriate to "lump defendants together without distinguishing the alleged wrongs amongst defendants." *Ewing*, 2019 U.S. Dist. LEXIS 10270, at *15-16; citing Fed. R. Civ. P 8; *also citing Herrejon v. Ocwen Loan Servicing, LLC*, 980 F. Supp. 2d 1186, 1196 (E.D. Cal. Nov. 1, 2013) (stating "A plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a

---

[1] The allegations that Plaintiff and Adams continued their communications using Caller IDs XXX-XXX-6627 and XXX-XXX-3132 (*see* Compl., ¶¶ 20) are of no apparent significance to Plaintiff's claim that telemarketing calls were placed in violation of the TCPA.

short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.'") Given the allegation that the caller transferred the "second" call to Adams, the claim for direct liability rests on the gossamer thread of the conclusory allegation that Energy Efficient is a "false alias" for CE. Plaintiff's say-so on that subject cannot serve as the foundation for a claim of direct liability.

### 3.  Plaintiff Has Not Alleged Facts Sufficient to Support a Claim of Vicarious Liability

As the facts Plaintiff alleges do not support a theory of direct liability, for the TCPA claim to survive it is necessary to allege facts to support a plausible claim that the Defendants are vicariously liable for the two calls Plaintiff received on August 6, 2024. Case law is clear that no *per se* liability attaches and a court may not automatically attribute a third-party caller's TCPA violations to a defendant.  *See Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068, 1072 (2019); *see also Gomez v. Campbell-Ewald Co.,* 768 F.3d 871, 878 (2014). However, a court may hold a party vicariously liable for the TCPA violations of third-party callers "where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and [the] third-party caller." *Gomez,* 768 F.3d at 879. To evaluate the potential for vicarious TCPA liability to attach, federal courts apply common law agency principles, frequently citing the Restatement (Third) of Agency. "Agency is the fiduciary relationship

that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) of Agency § 1.01.

Various courts examining claims for vicarious liability for alleged TCPA violation have emphasized that vicarious liability attaches strictly when the "essential ingredient" of control is present. *See, e.g. Jones v. Royal Admin. Svcs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018). Plaintiff bears the burden of establishing an agency relationship exists. Restatement (Third) of Agency § 1.02 cmt. d. Critically, A plaintiff "must also establish actual authority to place the unlawful calls." *Barnes v Sunpower Corp*, ___F Supp 3d___; 2023 U.S. Dist. LEXIS 51033, at *8-9 (ND Cal, Mar. 16, 2023); *citing Jones*, 887 F.3d at 449.

As discussed above, Plaintiff fails to allege any relationship between the offending callers and CE, let alone an agency relationship whereby CE or Adams exercised any control over the caller(s). Predictably, Plaintiff has failed to plead any facts in support of her conclusory allegation that CE exercised any control over either: (i) the entity identified as "Energy Efficient," or (ii) for that matter, Adams. In the absence of such allegations, the requisite degree of control for an agency relationship cannot be discerned. *See Ewing*, 2019 U.S. Dist. LEXIS 10270, at *19 (granting a motion to dismiss a TCPA claim for violation of DNC regulations as

insufficiently alleged); *see also Barnes,* 2023 U.S. Dist. LEXIS 51033, at *8 (granting a Rule 12(b)(6) motion and dismissing a claim alleged for TCPA violations where the claimant made conclusory allegations that the defendant "directly made the call or that [d]efendant has an agency relationship with 'solar project' who made the initial call" merely because a call was transferred to a representative and confirming text messages followed); *see Panacci v. A1 Solar Power, Inc.,* No. 15-cv-00532-JCS, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing a complaint for failure to allege a vicarious liability claim where the claimant did not allege the defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" the third-party caller and had "virtually no allegations regarding the relationship between [the defendant] and [the third party].") As in *Ewing*, *Barnes*, and *Panacci*, Plaintiff is speculating that CE and Adams may have exercised control over the caller but cannot substantiate her guesswork with material facts.

### i.    *Plaintiff Has Not Alleged Facts to Support an Agency Relationship Based on Actual Authority*

One theory of agency, actual authority, "arises through 'the principal's assent that the agent take action on the principal's behalf." Restatement (Third) Of Agency § 3.01. "An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes,

in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Restatement (Third) Of Agency § 2.01.

Actual authority can either be express or implied. "Express authority exists when a principal expressly authorizes an agent and the agent acts on the principal's behalf and subject to the principal's control." Restatement (Third) of Agency § 1.01 (2006).  Plaintiff does not specifically allege that CE or Adams expressly authorized the caller(s) that placed the calls on August 6, 2024 to make the calls to her. That Plaintiff cannot point to any evidence of express authority is hardly surprising; there is none. Plaintiff does not allege that either Defendant authorized, guided, instructed, or controlled the manner and means of the calls Plaintiff allegedly received. Plaintiff has also failed to identify any facts regarding either Defendant that might support an inferred existence of an agency relationship between the Defendants and the callers. "Implied actual authority comes from a general statement of what the agent is supposed to do; an agent is said to have the implied authority to do acts consistent with that direction." *NLRB v. District Council of Iron Workers of the State of California and Vicinity*, 124 F.3d 1094, 1098 (1997). Therefore, Plaintiff has not plausibly alleged an agency relationship between either CE nor Adams and the callers based on actual express authority or implied actual authority.

### ii. *Plaintiff Has Not Alleged Facts to Support an Agency Relationship Based on Apparent Authority*

"Apparent authority exists when a third-party reasonably relies on the principal's manifestation of authority to an agent." *Warciak v. Subway Rests., Inc.,* 949 F.3d 354, 357 (2020). Plaintiff alleges that the callers stated they were calling from Energy Efficient and that during a second call, she was transferred to Adams who allegedly said he was calling from CE. Plaintiff also provides two text exchanges, alleging she is conversing with Adams. Plaintiff does not allege any facts that either Defendant claimed the callers from Energy Efficient were their agents or that the callers expressly stated they were working for either Adams or CE. To the contrary, Plaintiff alleges she was transferred to Adams and does not allege the substance of any discussion she may have had with any CE representative. "[S]tatements by an agent are insufficient to create apparent authority without also tracing the statements to a principal's manifestations or control." Restatement (Third) of Agency § 2.03 cmt. c (2006). As a threshold matter, Plaintiff does not allege that the callers made any statements regarding either Adams or CE. That Adams allegedly stated he was working for CE has nothing to do with the identity of the persons making the two calls and Plaintiff has not alleged any reason to attribute a statement by Adams regarding CE back to any actions of the callers. Plaintiff also does not claim to have reasonably relied on anything said the callers said. Based on the aforementioned legal requirements,

Plaintiff has failed to provide sufficient facts to allege an agency relationship between the callers and the Defendants based on the theory of apparent authority.

### iii.    Plaintiff Has Not Alleged Facts to Support an Agency Relationship Based on Ratification

Plaintiff has failed to allege facts sufficient to support an agency relationship between the callers and Defendants based on actual or apparent authority, therefore Plaintiff must allege facts that establish agency via ratification to survive this motion. "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." Restatement (Third) of Agency § 4.01. Because seeking ratification to establish agency occurs after an event and essentially pins liability on a defendant for the unknown actions of another, fairness dictates a high bar to find agency by ratification. Ratification creates consequences of actual authority, including, in some circumstances, creating an agency relationship when none existed before. Restatement (Third) of Agency § 4.01 cmt. b. Ratification can occur in two ways, either the principal knowingly accepts the benefit of the agent's actions or is willfully ignorant of the agent's actions. *Id.* at cmt. d., cmt. b.

Plaintiff does not allege facts that CE or Adams benefited from the callers' actions and, in fact, neither Defendant benefited from the calls. Even if either Defendant had benefited from the callers' actions, "it is essential that the principal have full knowledge at the time of the ratification of all material facts and

circumstances relative to the unauthorized act or transaction." *Gallagher v. California Pacific Title & Trust Co.,* 13 Cal. App. 2d 482, 493-494 (1936). Plaintiff does not allege that either CE or Adams had knowledge of the callers' actions. Without full knowledge of the callers' actions, ratification can only be established if either Defendant affirmed the callers' actions but was willfully ignorant in doing so. Under the "willful ignorance" theory, the principal may not know the material facts but has "ratified with awareness that such knowledge was lacking." Restatement (Third) of Agency§ 4.01 cmt. b. Plaintiff does not allege that either CE or Adams had knowledge of facts regarding the callers' sales tactics that would have led a reasonable person to investigate further or that either Defendant failed to use diligence to investigate callers' practices.

## **CONCLUSION**

For all of the reasons stated above, Defendants Current Energy LLC and Michael Adams respectfully request that the Court grant the instant motion and enter an order dismissing the Complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. Rule 12(b)(6), and grant all other relief that the Court deems just and proper.

///

///

///

Dated: December 24, 2024

Respectfully Submitted,

By: _____/s/ Michael A DiNardo_____
    Michael A. DiNardo, Esq.
YK LAW LLP

John D Fitzpatrick, Esq. (PHV pending)
CUNNINGHAM DALMAN, P.C.

Attorneys for Defendants Current Energy, LLC and Kevin Adams

## CERTIFICATE OF COMPLIANCE [L.R. 11-6.2]

The undersigned, counsel of record for Current Energy, LLC and Kevin Adams, certifies that this brief contains 3,784 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 24, 2024

*/s/ Michael A. DiNardo*
Michael A. DiNardo

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first-class mail on this same date.

*/s/ Michael A. DiNardo*
Michael A. DiNardo