dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021
Attorney for Plaintiff and Putative Class

[Additional counsel appear on signature page]

*Attorney for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRYAM ABITBOL, individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> CURRENT ENERGY LLC <br><br> AND <br><br> KEVIN ADAMS <br><br> *Defendants.* | Case No. <br><br> 2:24-cv-08132-FLA-BFM <br><br> **<u>JOINT RULE 26(f) REPORT</u>** <br><br> **Scheduling Conference set for February 14, 2025 at 1:00 pm (ECF # 21)** |

1.    <u>Statement of the Case</u>

     Plaintiff alleges that Current Energy LLC ("Current Energy" or "Defendant") made telemarketing calls to numbers on the National Do Not Call Registry in

- 1 -

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), including her own. Due to the *en masse* nature of the calling, the Plaintiff has filed this matter as a putative class action on behalf of the following class of individuals:

> **<u>Telephone Consumer Protection Act Do Not Call Registry Class</u>:**
> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendants (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

The Plaintiff received calls that were directly from Current Energy, as the Plaintiff received two calls the same day from Current Energy's alias "Energy Efficient," the second of which such call was directly transferred to Defendant Adams at Current Energy. As further support of her contentions, the Plaintiff has alleged and provided screenshots to substantiate the fact that she was contacted by Kevin Adams, who, when asked what company he was with, provided Current Energy's website, his own license, and other information linking the calls, himself, and Current Energy.

Defendants' statement:

Defendants did not place the calls at issue and, therefore, cannot be held liable for the claim alleged. Defendants have not assessed additional defenses that may apply in light of the fact that they have no knowledge of the means by which the caller(s) may have obtained her telephone number.

2.    <u>Subject Matter Jurisdiction:</u>

Plaintiff asserts a claim against Current Energy under the TCPA, which is a federal statute.  Under 28 U.S.C. § 1331, she therefore has properly invoked this Court's subject matter jurisdiction over a federal question.  *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 371-72 (2012).  Defendant does not dispute this Court's subject matter jurisdiction.

- 2 -

3.  <u>Legal Issues:</u>

The Parties identify the following legal issues underlying the claims and defenses asserted in this action:

- Whether this case can be certified as a class action;
- Did Current Energy or Adams make telemarketing calls;
- Did Current Energy or Adams place telemarketing calls to numbers listed on the National Do Not Call Registry?
- Did Plaintiff provide consent to receive whatever telephone calls were placed to her?
- Was the conduct about which Plaintiff complains actionable under the TCPA?
- Is there evidence that Current Energy or Adams ever violated the Telephone Consumer Protection Act?
- Can Plaintiff attribute any of the conduct alleged in the complaint to Current Energy or Adams?

4.  <u>Parties, Evidence, etc.:</u>

<u>Parties/Witnesses:</u>

- Miryam Abitbol, Plaintiff
- Current Energy LLC, Defendant
- Kevin Adams, Defendant
- Bandwidth and downstream telephone providers, who service the xxx-xxx-8657 telephone number – information relating to the calls at issue, calling records, and information on subscribers of record
- Onvoy and downstream telephone providers, who service the 424-309-8955 telephone number – information relating to the calls at issue, calling records, and information on subscribers of record

- 3 -

JOINT RULE 26(F) REPORT

*Abitbol v. Current Energy LLC*

- Twilio and downstream telephone providers, who service the xxx-xxx-6627 telephone number– information relating to the calls at issue, calling records, and information on subscribers of record

- T-Mobile and downstream telephone providers, who service the 765-xxx-xxxx telephone number – information relating to the calls at issue, calling records, and information on subscribers of record

- Patrick Delchop, member of Current Energy – information relating to the relationship between Current Energy and Kevin Adams and Current Energy's marketing and telemarketing practices (Current Energy denies engaging in any telemarketing)

- Emmanuel Alonzo, owner of Fully Closed, Inc., Fully Closed, LLC, and Crowd Siren d/b/a Social Media Solutions U.S.A. and/or Social Media Models – information relating to sending calls by or on behalf of Defendants, the calls at issue, and the business relationship between these entities and the Defendants.

5.   Damages:

The Plaintiff is seeking statutory damages between $500 and $1,500 per violation under the TCPA on behalf of herself and the putative class.

6.   Insurance:

Not applicable to Plaintiff. Defendants have not identified coverage that exists with respect to the claim alleged.

7.   Motions:

The Plaintiff will file a motion for class certification after she has received sufficient information regarding Current Energy's and Adams's calling conduct.

- 4 -

JOINT RULE 26(F) REPORT

*Abitbol v. Current Energy LLC*

Current Energy and Adams have filed a motion to dismiss that is fully briefed. The Court concluded that motion was appropriate for decision without oral argument and took it under submission in an Order entered on January 29, 2025 (ECF # 29.)

Defendants may file a motion to strike the class certification allegations.,

8.    Dispositive Motions:

The Plaintiff does not intend to file any dispositive motions at this juncture.

Defendants' motion to dismiss would be dispositive, if granted with prejudice. Plaintiff opposes any relief sought.

If the pending Rule 12(b)(6) motion is denied or the Plaintiff files a complaint that addresses whatever pleading deficiencies the Court may conclude exist, Defendants intend to file a Motion for Summary Judgment insofar as they did not place the calls at issue and cannot be held liable for the alleged violations of the TCPA.

9.    Manual for Complex Litigation:

The procedures of the Manual for Complex Litigation should be utilized for this case.

10.    Status of Discovery:

Pursuant to this Court's Civil Standing Order for putative class actions, discovery has commenced and is in the early stages. Plaintiff states that discovery may be delayed because tracing the source of the calls requires the service of subpoenas to multiple third-party telephone vendors and potential resellers and tracing the calls up the chain of the telephone system. Plaintiff is endeavoring to trace the source of the calls expeditiously.

11.    Discovery Plan:

Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the

- 5 -

JOINT RULE 26(F) REPORT

*Abitbol v. Current Energy LLC*

proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1). At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case":

The Plaintiff will seek discovery on the following subjects: (1) Current Energy and Adams's calling data regarding Plaintiff and the proposed class; (2) Defendant's policies and procedures regarding compliance with the TCPA; (3) Defendant's negligence or willfulness regarding any TCPA violations.

Defendants will seek discovery on at least the following subjects: (1) the facts and circumstances surrounding the phone call that is alleged in the complaint;  (2) all communications the Plaintiff had with Adams, and other persons; (3) all communications any purported members of the class had with Current Energy, Adams, and other persons (4) issues relevant to class certification, and (5) Plaintiff and the class members' damages, if any.

Plaintiff does not believe that discovery will need to be conducted in phases or limited, that applicable limitations should be changed or other limitations imposed, or that the Court should enter other orders. Defendants assert that discovery should be bifurcated to address the merits of Plaintiff's claims against them before "class" discovery commences.

12.    Discovery Cut-off:

The parties request until June 6, 2026 to conduct discovery, in accordance with Your Honor's scheduling worksheet. Defendants submit this discovery period should be bifurcated to account for "individual" discovery at the outset.

13.    Expert Discovery:

- Plaintiff's expert disclosure Deadline: 6/11/2026
- Defendant's expert disclosure Deadline: 6/11/2026
- Rebuttal expert disclosure Deadline: 6/26/2026

- 6 -

JOINT RULE 26(F) REPORT

*Abitbol v. Current Energy LLC*

- Expert discovery deadline: 7/9/2026

14. <u>Settlement/Alternative Dispute Resolution (ADR):</u>

The parties certify that they have considered the potential benefits of settling the case before undertaking significant discovery or motion practice, and report that, at this time, settlement is unlikely. The parties do not request an early settlement conference. A Notice to Parties of Court Directed ADR Program (Form ADR08) has been filed in this matter. The Parties prefer private mediation, which should occur in the summer time, after some initial discovery has been conducted.

15. <u>Trial Estimate:</u>

The parties agree that 5 days is sufficient. Each party believes it will call 3-5 witnesses. Plaintiff submits that the TCPA class action trial alleging similar violations that he has been a part of took 5 days to complete.

16. <u>Trial Counsel:</u>

Andrew Perrong for the Plaintiff.

John Fitzpatrick, for Defendants.

17. <u>Independent Expert or Master:</u>

The Court should not consider appointing a master pursuant to Rule 53 or an independent scientific expert.

18. <u>Schedule Worksheet</u>

The Parties' Schedule of Pretrial and Trial Dates Worksheet is attached hereto.

19. <u>Other Issues / Class Action</u>

The Parties refer the Court to the Court's Ordered Briefing Schedule for Class Certification matters.

20. <u>Other Issues:</u>

No other issues to report at this time.

- 7 -

1

2

3   Respectfully submitted,

4

5   Dated: February 3, 2025        PERRONG LAWLLC

6                                  By: */s/Andrew R. Perrong*

7                                  Andrew R. Perrong

8                                  Attorney for Plaintiff
                                   2657 Mount Carmel Avenue
9                                  Glenside, PA 19038
                                   a@perronglaw.com
10                                 215-225-5529

11

12  DATED: February 3, 2025        Cunningham Dalman PC

13

14                                 By: */s/ John D. Fitzpatrick*

15                                 John D. Fitzpatrick
                                   Attorneys for Defendants,
16                                 Current Energy LLC, and  Kevin Adams

17

18                     **ATTESTATION OF SIGNATURE**

19        Pursuant to Central District Electronic Local L.R. 5-4.3.4, I hereby certify that

20  the content of this document is acceptable to counsel for Defendant, and I obtained

21  his authorization to affix their electronic signatures to this document.

22                                          */s/ Andrew R. Perrong*
23                                          Andrew R. Perrong

24

25

26

27

28

                                   - 8 -