Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

Attorney for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRYAM ABITBOL, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>CURRENT ENERGY LLC<br><br>AND<br><br>KEVIN ADAMS<br><br>*Defendants.* | Case No. 2:24-cv-08132-FLA-BFM |

**STIPULTION TO EXTEND TWO PRETRIAL DATES FOR THE HEARING OF MOTIONS TO: (1) AMEND PLEADINGS OR ADD PARTIES; AND  (2) CLASS CERTIFICATION**

Plaintiff Miryam Abitbol ("Plaintiff") and Defendants Current Energy LLC and Kevin Adams ("Defendants") submit this Stipulation to extend time with respect

to two pretrial deadlines set by Order dated February 3, 2025 (Dkt. 34, Page ID 195), understanding the stipulation is not effective unless the Court approves it.

In accordance with the Court's guidance regarding stipulations for extensions of time, the parties declare that no previous continuance requests have been made, and in support thereof, make the following declaration of good cause.

Detailed Factual Showing of Good Cause and Due Diligence for the Extension

Plaintiff filed a Complaint on October 3, 2024 alleging that Defendants made telemarketing calls to numbers on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), including her own. Due to the alleged *en masse* nature of the calling, the Plaintiff has filed this matter as a putative class action on behalf of a putative class of individuals.

In a Memorandum filed in support of a Motion to Dismiss filed under Fed. R. Civ. P. 12(b)(6) on December 24, 2024 (Dkt. 20), the Defendants denied placing the calls to Plaintiff or, for that matter, engaging in telemarketing of any kind. The Court issued a text only Order dated January 29, 2025 stating the motion would be taken under submission and instructed the parties to "continue litigating this action diligently, while awaiting the court's ruling on this motion." (Dkt. 29.)

Plaintiff promptly issued discovery beginning in January of 2025 to non-parties to trace the history of the calls at issue in addition to making discovery requests to Defendants. Namely, Plaintiff issued four subpoenas on January 24,

2025 to: (i) Bandwidth Inc.; (ii) Onvoy, LLC d/b/a Inteliquent (c/o: Cogency Global Inc.); (iii) T-MOBILE US, INC.; and (iv) Twilio, Inc.

Plaintiff also issued subpoenas to Sipnex Telecom LLC on January 30, 2025 and Fully Closed, Inc. and Emannuel Alonzo on January 31, 2025. More recently, Plaintiff issued a subpoena to Convoso, Inc. on April 1, 2025.

Plaintiff also propounded two sets of requests for document production and interrogatories to Current Energy LLC and Kevin Adams focused on the history of the calling and their potential involvement with telemarketing. The Defendants formally responded to those requests on April 18, 2025 and May 5, 2025. Defendants are in the process of gathering additional responsive documents but have informed Plaintiff's counsel they have no agreements with any telemarketing vendors or Mr. Alonzo. These discovery efforts have led Plaintiff to believe there may be other entities which may be directly or vicariously liable for the conduct alleged, but the process of investigation is not yet complete so as to permit amendment by the May 16 deadline.

The Defendants have attested that the full extent of their knowledge of the genesis of the contact with Ms. Abitbol is that Kevin Adams received a "lead" for her from another individual, Emmanuel Alonzo. The Defendants have attested that they have no knowledge of the means by which Mr. Alonzo secured that "lead" and they did not have an agreement with Mr. Alonzo or any organization with

which he is affiliated to perform telemarketing. Plaintiff believes that Mr. Alonzo may have contracted with other entities to send the calls at issue. However, Mr. Alonzo has been unable to be served with a subpoena in this matter, and the parties are still investigating the background of the contact with Ms. Abitbol, which currently remains unclear. The Plaintiff is further in the process of conducting a meet and confer with Convoso, one of the telephony service providers at issue, to ascertain if Mr. Alonzo has directly contracted with Convoso or if he hired yet another third party, who in turn contracted with Convoso for telephone services used to place the calls at issue.

The parties are also currently awaiting the production of responsive documents, including from Mr. Alonzo (once he is served), as well as Convoso and other telephony providers. Once those responsive documents are received and evaluated, the Plaintiff will be in a better position to conduct further discovery and/or amend the complaint to name the parties which may have been responsible for the conduct alleged.

In addition, Defendants acknowledge that their responses to discovery were significantly delayed because undersigned counsel John Fitzpatrick was attending to personal family matters that he shared with Plaintiff's counsel. Plaintiff's counsel appreciated the seriousness of the issues and respectfully refrained from bringing a motion to compel compliance with certain discovery requests. Mr.

Fitzpatrick appreciated that accommodation. The Defendants have exhausted their knowledge of how Ms. Abitbol came to be contacted and submit that any further information on that subject will need to come from persons or entities that are not named as defendants.

The parties also agree that the date for hearing of a class certification motion should also be extended. The particulars of how the Plaintiff came to be contacted will be critical to any class certification analysis and, relatedly, whether the Defendants currently named are directly or vicariously liable for the calling conduct at issue. The potential liability of any entities which may be identified through additional discovery and added to any amended complaint will require additional time to analyze. The current deadline of class certification would provide only two months to conduct discovery into the class claims with respect to any entity the Plaintiff may name, and as such the parties jointly request an extension of that deadline as well.

As such, the parties believe that good cause exists to extend the amendment and class certification deadlines as follows while they await receipt of the subpoena responses from Convoso, Mr. Alonzo, and any other entities that may be identified in discovery to evaluate any amended pleadings or further discovery that may be necessary following that production:

| **Deadline** | **Current Date** | **New Proposed Date** |
|---|---|---|

| Last Date to Hear Motion to Amend Pleadings /Add Parties [Friday] | 5/16/2025 | 9/12/2025 |
| Last Date to Hear Motion for Class Certification [Friday] | 11/28/2025 | 3/27/2026 |

This schedule will allow any named defendants to participate in a ADR proceeding the parties much complete no later than September 24, 2025. (Dkt. 33.)

There have not been any previous requests for extensions or continuation of the pretrial dates in the February 3, 2025 Order (Dkt. 34) and Plaintiff has made a diligent effort to identify the genesis of the calls at issue and the potential callers. Accordingly, the parties respectfully submit this Stipulation for the Court to approve.

Dated: May 14, 2025.

Respectfully submitted,

By:

/s/ Andrew Roman Perrong

ANDREW ROMAN PERRONG
(*Pro Hac Vice*)
(a@perronglaw.com)
PERRONG LAW, LLC
2657 MOUNT CARMEL AVENUE
GLENSIDE, PA 19038
Office: 215-225-5529

/s/ John D. Fitzpatrick

JOHN D FITZPATRICK (#6277475)
(jfitzpatrick@cunninghamdalman.com)
CUNNINGHAM DALMAN, P.C.
321 SETTLERS ROAD
HOLLAND, MI 49422-1767
Office: 616-392-1821

MICHAEL A. DiNARDO (#216991)
(mdinardo@yklaw.us)
YK LAW, LLP
445 S. FIGUEROA ST, SUITE 2280
LOS ANGELES, CA, 90071
Office: 213-401-0970 x1008

Attorneys for Defendants
CURRENT ENERGY LLC
and KEVIN ADAMS

## ATTESTATION OF SIGNATURE

Pursuant to Central District Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to counsel for Defendants, and I obtained their authorization to affix their electronic signatures to this document.

Dated: May 14, 2025

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that, on May 14, 2025, I caused the foregoing to be electronically filed with the Clerk using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        /s/ *Andrew R. Perrong*
                                          Andrew R. Perrong